UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MUNJED AL MUDERIS *et al.*, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> FRED HERNANDEZ, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:22-cv-00876-GMN-NJK <br><br> **ORDER** <br> **BENCH WARRANT FOR ARREST** |

The Court, having held a hearing on Plaintiffs Munjed Al Muderis and Osseointegration International Pty Ltd.'s ("Plaintiffs'") Motion for Order to Show Cause, (ECF No. 52), and considered the relevant filings, granted Plaintiffs' Motion for Order to Show Cause. (Contempt Order, ECF No. 63). In accordance with the Court's ruling, Defendants Fred Hernandez and Mike Valdez ("Defendants'") were ordered to comply with the following conditions:

(1) Pay Plaintiffs $150,000.00 within ten (10) days of this Order, by March 23, 2023, or face incarceration for their noncompliance with this deadline until payment is made.

(2) Pay Plaintiffs the $50,000.00 issued to "Miller & Associates Consulting" within thirty (30) days of this Order, by April 12, 2023, or face incarceration for their noncompliance with this deadline until payment is made.

(3) Pay the reasonable attorneys' fees Plaintiffs incurred in relation to this contempt matter. Plaintiffs must provide an accounting of the time spent and tasks completed in this matter. In the event multiple attorneys with different hourly fees working on an assignment, Plaintiffs attorneys' fees for that assignment will be calculated using the attorney who has the highest hourly fee, not both.

(4) Fully comply with all terms and conditions of the Court's (9) Preliminary Injunction Order which remains in effect.

(Contempt Order).

On March 22, 2023, Defendant Fred Hernandez filed a Notice of Bankruptcy, (ECF No. 71), instituting an automatic stay of this case pursuant to 11 U.S.C. § 362. *See Rob Kolson Creative Productions, Inc. v. Stander*, No. 18-cv-6789, 2020 WL 4334116, at *5 (C.D. Cal May 20, 2020) ("In general, the bankruptcy code, 11 U.S.C. § 362(a), provides for an automatic stay of proceedings against a debtor or against property of the debtor's estate."). On March 24, 2023, Plaintiffs filed a Notice of Defendants' Noncompliance, (ECF No. 74), informing the Court that Defendants failed to comply with the Contempt Order's first deadline providing Defendants until March 23, 2023, to pay Plaintiffs $150,000 or face incarceration for their noncompliance with this deadline until payment is made. (*Id*. 1:27–2:12).

As an initial matter, the Court notes that Defendant Fred Hernandez's Notice of Bankruptcy, and the automatic stay instituted as a result of this Notice, does not divest the Court of the ability to enforce its civil Contempt Order. As stated, "[w]hen a debtor files a bankruptcy petition, an automatic stay immediately arises." *Hillis Motors, Inc. v. Hawaii Auto Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (citing 11 U.S.C. § 362(a)). "The scope of the stay is quite broad." *Id*. While broad, the "reach of the automatic stay is not unlimited." *United States Artists Corporation v. United Artist Studios LLC*, No. 19-cv-828, 2019 WL 8221090, at *2 (C.D. Cal. Dec. 18, 2019).

In *In re Dingley*, the Ninth Circuit explained that "civil contempt proceedings are exempted from the automatic stay under the Bankruptcy Code's government regulatory exemption, 11 U.S.C. § 362(b)(4), when, as here, the contempt proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct." 852 F.3d 1143, 1144 (9th Cir. 2017); *see Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("Thus the statutory stay of proceedings as to Nu-Kote did not fee Nu-Kote of the contempt orders and the injunctions upon which the contempt was based, all of which were entered before Nut-Kote suggested bankruptcy."); *Supporters to Oppose Pollution, Inc. v.*

*Heritage Grp.*, 973 F.2d 1320, 1328 (7th Cir. 1992) ("Contempt proceedings against non-bankrupt persons obliged to perform the acts spelled out in the injunction are not forbidden by the automatic stay.").

Based on *In re Dingley*, the Court finds that the automatic stay provides no protection to Defendants. Despite Defendant Fred Hernandez's Notice of Bankruptcy, it remains this Court's prerogative to enforce its civil Contempt Order. The record before the Court shows that Defendants have not complied with the first deadline enumerated in the Court's Contempt Order. (Contempt Order); (Notice of Defendants' Noncompliance). Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court is instructed to issue a bench warrant for arrest of Defendants Fred Hernandez and Mike Valdez.

**DATED** this  24   day of March, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court