**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MUNJED AL MUDERIS, an individual, dba OSSEOINTEGRATION GROUP OF AUSTRALIA; and OSSEOINTEGRATION INTERNATIONAL PTY LTD., an Australian limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>FRED HERNANDEZ, an individual; AMPUTEK, INC., a Nevada corporation; MIKE VALDEZ and LUISA VALDEZ, husband and wife; OSSEOTEK, INC., a Nevada corporation,<br><br>Defendants. | No. 2:22-cv-00876-GMN-NJK<br><br>**ORDER** |

This matter having come on before the Court on Plaintiffs' Motion for Summary Judgment (ECF 114) (the "Motion"), and the Court having considered the Motion, the Response to the Motion (ECF 125), Plaintiffs' Reply (ECF 127), and the arguments of counsel made at the hearing held on March 19, 2025 (ECF 132), the Court GRANTS Plaintiffs' Motion for the reasons stated on the record.

**IT IS HEREBY ORDERED** that Summary Judgment is **GRANTED** in favor of Plaintiff Munjed Al Muderis ("Muderis") dba Osseointegration Group of Australia and Plaintiff Osseointegration International Proprietary Limited Pty Ltd. ("OIP") (collectively, "Plaintiffs") on their claims against Defendants Fred Hernandez ("Hernandez"), Mike Valdez ("Valdez") and spouse Luisa Valdez, Amputek, Inc. ("Amputek"), Osseotek, Inc. ("Osseotek") (collectively, "Defendants").

**IT IS FURTHER ORDERED** as follows:

(1) All transfers made, directly or indirectly, by Hernandez/Amputek to Valdez/Osseotek were fraudulent to the extent the transfers related to the business of Amputek, including, but not limited to, the funds totaling $830,383.35, any domain names and websites, inventory, office supplies, software, programs, books and records, accounts receivable, intellectual property, contracts, leases, client lists, manufacturer/supplier lists, business relationships, and good will;

(2) The above-referenced transfers are hereby set aside and deemed to be null and void;

(3) The Court finds that Valdez knowingly and intentionally participated in helping Hernandez avoid collection and enforcement of the judgment for $2,610,000 entered in 2:19-cv-01002-APG-DJA (D. Nev.) and committing the above-referenced fraudulent transfers;

(4) Pursuant to NRS § 112.220(2), Plaintiffs are awarded damages in the amount of $830,383.35 against Valdez, individually and against his marital community with Luisa Valdez;

(5) Hernandez is the alter ego of Amputek and Osseotek and therefore Osseotek, Hernandez, and Amputek are jointly and severally liable to Plaintiffs for the amount of the Judgment entered in 2:19-cv-01002-APG-DJA (D. Nev.), which is $2,610,000.00;

(6) The Plaintiffs' Motion for Attorneys' fees (ECF 135) is hereby **GRANTED**, and Plaintiffs are awarded their reasonable attorneys' fees in the amount $_____130,928.50_____;

(7) Each Defendant -- and all those acting under such Defendant's direction or control, including without limitation past, current and future agents, as well as all other persons in active concert or participation with Defendant who receive notice of this Order – is permanently enjoined from transferring or receiving any assets related to the business of Amputek or Osseotek, or the business of Hernandez or Valdez to the extent the business relates to osseointegration medical devices, parts, or components;

(8) Each Defendant is permanently enjoined from requesting, encouraging, or permitting any third party to pay expenses or bills on behalf of or for any Defendant and/or any related party in exchange for work, property, services, or goods pertaining to the business of Amputek/Osseotek

1  and/or osseointegration; and

2  (9) Each Defendant is permanently enjoined from taking any actions to hinder or delay
3  Plaintiffs' collection efforts.

4  **IT IS SO ORDERED.  The Clerk of Court is kindly instructed to close the case and enter judgment accordingly.**

6  **DATED** this 17 day of April, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court