# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MUNJED AL MUDERIS, *et al.*,

        Plaintiffs,

vs.

FRED HERNANDEZ., *et al.*,

        Defendants.

Case No.: 2:22-cv-00876-GMN-NJK

**ORDER DENYING DEFENDANTS' MOTIONS FOR STATUS HEARING AND RELEASE**

Pending before the Court are Defendants' Motions for Status Hearing and Defendants' Release (ECF No. 159 and ECF No. 160). Defendant Hernandez contends that he is unable to comply with the contempt order because it is an impossibility to comply with the outstanding financial liabilities. (Mot. Status Hr'g 6:18, ECF No.159). Defendant Valdez contends that his "continued custodial detention not only makes future compliance with a payment plan no more likely, it in fact reduces his ability to pursue such, as his ability to generate income is greatly hindered by his custodial status." (Mot. Status Hr'g 6:22–24, ECF No. 160).

The "inability to comply with a judicial decree constitutes a defense to a charge of civil contempt." *N.L.R.B. v. Trans Ocean Exp. Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973). It is Defendants' burden to show "categorically and in detail" why they are unable to comply. *Id*. (quoting *In re Byrd Coal Co., Inc.*, 83 F.2d 256, 256 (2d Cir. 1936)). Neither Defendant Hernandez nor Defendant Valdez have met their burden showing they are unable to comply with the contempt order categorically and in detail.

**IT IS HEREBY ORDERED** that Defendants' Motions for Status Hearing and Defendants' Release (ECF No. 159 and ECF No. 160) are **DENIED**. This Court may not address Defendants' claims related to improper subpoenas being issued by Plaintiffs in a

different case. Defendants may consider whether to file a motion to reopen the other case to litigate their alleged misconduct claims against Plaintiffs.

**DATED** this  12   day of September, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT