Joel Z. Schwarz, NV Bar No. 9181
**SALTZMAN MUGAN DUSHOFF**
1835 Village Center Circle
Las Vegas, NV 89134
Telephone: (702) 330-3441
jschwarz@nvbusinesslaw.com

Daniel R. Warner, Esq.
Admitted Pro Hac Vice
Arizona Bar #026503
**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Tel: 480-331-9397
Fax: 1-866-961-4984
dan@rmwarnerlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MUNJED AL MUDERIS, an individual, dba OSSEOINTEGRATION GROUP OF AUSTRALIA; and OSSEOINTEGRATION INTERNATIONAL PTY LTD., an Australian limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>FRED HERNANDEZ, an individual; AMPUTEK, INC., a Nevada corporation; MIKE VALDEZ and LUISA VALDEZ, husband and wife; OSSEOTEK, INC., a Nevada corporation; DOE DEFENDANTS I-X, INCLUSIVE; and ROE DEFENDANTS I-X, INCLUSIVE.<br><br>Defendants. | NO. 2:22-cv-00876-GMN-NJK<br><br>**STIPULATION FOR CONDITIONAL RELEASE OF DEFENDANT MIKE VALDEZ FROM INCARCERATION** |

The parties, by and through their respective counsel, stipulate as follows:

1. On March 13, 2023, after holding a show cause hearing, the Court found Defendants to be in contempt for violating the Injunction. (ECF 63). The Court gave Defendants a chance to purge their contempt by requiring Defendants to return

1

1  $200,000 of the funds that were taken from Osseotek's account in violation of the Injunction. Defendants were required to repay $150,000 of the $200,000 no later than March 23, 2023. (*Id*.). On March 24, 2023, Plaintiffs notified the Court of Defendants' noncompliance (ECF 73), and the Court entered an order instructing the Clerk of Court to issue a bench warrant for the arrest of Defendants (ECF 75).

2. On July 3, 2024, the arrest warrant for Defendant Mike Valdez ("Valdez") was executed, and he was taken into custody. (ECF 147).

3. Valdez has remained incarcerated since being arrested in July.

4. After various discussions among counsel, Plaintiffs are agreeable to having Valdez released from custody on the following conditions:

    a. Prior to Valdez's release, Valdez will pay Plaintiffs $25,000 towards purging Valdez's contempt, and neither the payment nor this stipulation/agreement will apply to Defendant Fred Hernandez ("Hernandez") or any judgment;[1]

    b. Prior to Valdez's release, Valdez will surrender his passport to his attorney, Robert M. Draskovich, and Valdez will not leave the country without this Court's approval;

    c. Prior to Valdez's release, Valdez will confirm in writing, by signing the declaration attached as **Exhibit 1** hereto, that he (1) will comply with the permanent injunction in place in this matter (ECF 140), which prohibits Valdez from helping Hernandez or any third parties to hinder Plaintiffs' collection efforts in any manner whatsoever; and (2) will not work with or associate with Hernandez or Hernandez's prior contacts in the osseointegration industry, and that doing so will be presumed as violating the

---

[1] For the avoidance of any doubt, it is noted that this Stipulation in no way pertains to Hernandez or any judgment, whether against Valdez or Hernandez. The Stipulation is extremely narrow, only pertains to Valdez, and the Court's single finding of Valdez's contempt.

2

        permanent injunction (given his history) and will be grounds for being reincarcerated;

   d. Upon Valdez's release, Valdez's attorney will turn over Valdez's cell phone(s) for forensic imaging, and Valdez will represent and warrant to the Court, via the declaration attached hereto, that no text messages or emails have been deleted. Valdez's attorney is currently in possession of Valdez's cell phone, and Valdez will not be given access to the phone before it is turned over;

   e. Prior to being released, Valdez will produce to Plaintiffs all documents and things requested by Plaintiffs that are in his possession, custody, and/or control. To the extent he is unable to turn over any items until released, he will do so immediately thereafter, and he will cooperate with Plaintiffs accordingly;

   f. After being released, Valdez will voluntarily submit to a deposition conducted by Plaintiffs' counsel and will answer all questions truthfully and completely; and

   g. Upon the Court's approval this Stipulation, and upon the performance of the applicable conditions precedent herein, Plaintiffs will file with the Court a notice of compliance indicating that Valdez may be released.

5. After conferring with their clients, counsel for Defendants has been authorized and directed to agree to the foregoing conditions and accepts them accordingly.

DATED this 23rd day of December, 2024.

By: *s/ Daniel R. Warner*
   Daniel R. Warner
   (admitted pro hac vice)
  RM WARNER, PLC
  8283 N. Hayden Road, Suite 229
  Scottsdale, Arizona 85258
  dan@rmwarnerlaw.com

Joel Z. Schwarz, NV Bar No. 9181
SALTZMAN MUGAN DUSHOFF
1835 Village Center Circle
Las Vegas, NV 89134
jschwarz@nvbusinesslaw.com

*Attorneys for Plaintiffs*

By: *s/ Michael Horvath (w/ permission)*
   W. MICHAEL HORVATH, ESQ.
   Nevada Bar No. 14545
   *mhorvath.law@gmail.com*
   ROBERT M. DRASKOVICH, ESQ.
   Nevada Bar No. 6275
   *robert@draskovich.com*
   815 S. Casino Center Boulevard
   Las Vegas, Nevada 89101
*Attorneys for Defendants*

**ORDER**

IT IS SO ORDERED:

_____
Gloria M. Navarro
UNITED STATES DISTRICT JUDGE

DATED: December 23, 2024.

4

**CERTIFICATE OF SERVICE**

I hereby certify that, on the same date set forth above, I electronically transmitted the foregoing document to the Clerk's Office using CM/ECF System for filing and distribution upon all parties on the e-service list.

/s/ Rebekah Triphahn

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MUNJED AL MUDERIS, an individual, dba OSSEOINTEGRATION GROUP OF AUSTRALIA; and OSSEOINTEGRATION INTERNATIONAL PTY LTD., an Australian limited company,

Plaintiffs,

vs.

FRED HERNANDEZ, an individual; AMPUTEK, INC., a Nevada corporation; OSSEOTEK, INC., a Nevada corporation; MIKE VALDEZ and LUISA VALDEZ, husband and wife; DOE DEFENDANTS I-X, inclusive; and ROE DEFENDANTS I-X, inclusive,

Defendants.

Case No.: 2:22-cv-00876-GMN-NJK

**DECLARATION OF MIKE VALDEZ**

I, Mike Valdez, declare – under penalty of perjury -- as follows:

1. I am a defendant in the above-captioned matter, and I make this declaration freely and voluntarily after conferring with my attorney of record.

2. I have personal knowledge of all facts addressed in this declaration, and if called on to testify, I could and would do so truthfully.

3. I make this declaration in support of the Stipulation for Conditional Release (the "Stipulation"). I have reviewed the Stipulation with my attorney of record, and the statements contained in the Stipulation are true and correct.

4. I have agreed to pay Plaintiffs $25,000 towards purging my contempt, and neither the payment nor the Stipulation/agreement will apply to Defendant Fred Hernandez ("Hernandez") or any judgment. The funds used to pay Plaintiffs were not obtained from Hernandez, directly or indirectly (including from any family member, friend, or business contact of Hernandez).

1

5. I will comply with the permanent injunction in place in this matter (ECF 140), which prohibits me from helping Hernandez or any third parties to hinder Plaintiffs' collection efforts in any manner.

6. I will not work with or associate with Hernandez or Hernandez's prior contacts in the osseointegration industry, and I understand and agree that doing so will be presumed as violating the permanent injunction and will be grounds for being reincarcerated.

7. My attorney, Robert M. Draskovich, is in possession of my cell phone and is authorized to turn over the phone to Plaintiffs' counsel (or their third-party agent) for forensic imaging. I represent and warrant to the Court that no text messages or emails have been deleted. I understand and agree that I will not be given access to the phone before it is turned over.

8. I have surrendered my passport to my attorney, Robert M. Draskovich, and I will not leave the country without the Court's approval.

9. I will produce to Plaintiffs all documents and things requested by Plaintiffs that are in my possession, custody, and/or control. To the extent I am unable to turn over any items until released, I will do so immediately thereafter, and I will cooperate with Plaintiffs accordingly.

10. After I am released, I will voluntarily submit to a deposition conducted by Plaintiffs' counsel and, under penalty of perjury, will answer all questions truthfully and completely.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 20, 2024.

*Mike Valdez* (signature)

Mike Valdez