UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MUNJED AL MUDERIS, et al.,

    Plaintiff(s),

v.

FRED HERNANDEZ, et al.,

    Defendant(s).

Case No. 2:22-cv-00876-GMN-NJK

**Order**

Pending before the Court is an order to show cause why Defendant Fred Hernandez should not be held in contempt, Docket No. 211, which is set for hearing on September 17, 2025, Docket No. 218. In addition, Attorney Corey Beck filed a status report asking for that hearing to be continued as a request to substitute counsel and *pro hac vice* application are being prepared. Docket No. 220.

**I.  BACKGROUND**

On April 25, 2025, Plaintiffs served post-judgment discovery on Defendant Hernandez. *See* Docket Nos. 204-2. On May 21, 2025, Defendant Hernandez's counsel (Attorney Beck) sent an email that his client was "getting me his responses," which would be provided to Plaintiffs' counsel "by end of next week." Docket No. 204-1 at ¶ 6. No such responses were served on Plaintiffs' counsel. *Id.* at ¶ 7.

On May 29, 2025, however, Defendant Hernandez filed a *pro se* motion to deny post-judgment discovery requests, arguing against the discovery that had been served. Docket No. 199.[1] That motion was stricken because Defendant Hernandez was represented by counsel. Docket No. 202.

---

[1] That motion was mailed on May 24, 2025. *See id.* at 5.

1

On June 16, 2025, counsel engaged in a meet-and-confer, during which Attorney Beck indicated that Defendant Hernandez would not comply with the discovery requests. *See* Docket No. 204-1 at ¶¶ 10-11. On June 17, 2025, Plaintiffs filed a motion to compel. Docket No. 204. On July 3, 2025, the Court granted the motion to compel as unopposed. Docket No. 206. Unbeknownst to the Court at that time, counsel had apparently agreed off-the-record to an extension for Defendant Hernandez to respond to the motion to compel though July 3, 2025. *See* Docket No. 209 at 10, 18-19; *see also see also* Docket No. 210 at 2 ("Mr. Warner did grant an extension through July 3, 2025"). Hence, the motion to compel was granted as unopposed before the time that Attorney Beck apparently thought a response was due. Moreover, it appears that Defendant Hernandez may have intended to oppose the motion. *See* Docket No. 209 at 17 (seeking time for Defendant Hernandez to oppose the motion upon counsel's withdrawal).

On July 10, 2025, Attorney Beck filed a motion to withdraw as counsel. Docket No. 209. On July 15, 2025, Plaintiffs filed a motion for order to show cause why Defendant Hernandez should not be held in contempt. Docket No. 211. At 2:45 p.m. on July 29, 2025, Attorney Beck filed a motion to extend the time to respond to the motion for order to show cause because his motion to withdraw was still pending and because Attorney Beck and Defendant Hernandez disagreed as to the response to the motion. *See* Docket No. 213. At 4:46 p.m. on July 29, 2025, the Court denied that motion and instructed Attorney Beck that he must meet all litigation obligations, including all deadlines, unless and until he is relieved as counsel. Docket No. 214. Attorney Beck then failed to file any timely response to the motion for order to show cause. On August 1, 2025, the Court set the hearing on the motion for order to show cause. Docket No. 215. The Court also denied without prejudice the motion to withdraw because Attorney Beck was seeking to withdraw while the contempt motion practice was being considered. Docket No. 216.[2]

---

[2] As the circumstances appear to show, Attorney Beck's own actions and inactions bear significantly on the issues currently before the Court and were expected to be explored at the hearing.

On September 16, 2025, Attorney Beck filed a status report that appears to show that a request to substitute counsel will be filed imminently, along with an application to proceed *pro hac vice*. Docket No. 220.

## II.  DISCUSSION

This case is teed up for consideration of further contempt proceedings, Docket No. 211, but the circumstances warrant taking a step back to address some concerning issues primarily regarding the actions (or inactions) of Attorney Beck.  Most obviously, the contempt motion is predicated on the Court granting a motion to compel post-judgment discovery as being unopposed. *See* Docket No. 211 (relying on the order at Docket No. 206).  It has since come to light, however, that the motion to compel was only granted as unopposed because Attorney Beck secured an off-the-record briefing extension without the Court's knowledge.  *See* Docket No. 209 at 10, 18-19; *see also see also* Docket No. 210 at 2.[3]  While it is no doubt impermissible for counsel to agree to extend a briefing deadline without obtaining permission from the Court, *see, e.g.*, Local Rule 7-1(b), the Court may not have simply granted the motion to compel as unopposed had it actually been informed that there was an intent to oppose it.  Hence, the parties are ordered to show cause why the Court should not reconsider its order granting the motion to compel as unopposed.  *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (addressing inherent authority to reconsider non-final orders).

Because it is unclear whether the underlying order should be reconsidered, it is also unclear whether contempt proceedings should be predicated on violation of that order.  *Cf. Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142-43 (9th Cir. 2003).

## III.  CONCLUSION

The parties are **ORDERED** to show cause in writing why the order granting the motion to compel as unopposed should not be reconsidered.  Concurrent briefs must be filed on that issue by October 1, 2025.  The hearing set on the motion for order to show cause is **VACATED** and ruling

---

[3] At the upcoming hearing on the motion for order to show cause, the Court had planned to direct several questions specifically to Attorney Beck regarding his actions and inactions.  As a result, the Court had denied without prejudice his second motion to withdraw as counsel.  *See* Docket No. 216.

on the motion for order to show cause is **DEFERED**. Any request to substitute counsel for Defendant Hernandez is **ORDERED** to be filed by September 18, 2025. In addition to the other required information, any request to substitute counsel must include discussion as to whether (1) it is warranted to allow Attorney Beck to be removed as counsel of record given that his actions and inactions appear to be intertwined with the issues currently pending before the Court and (2) whether Attorney Beck agrees to appear at later hearings if ordered to do so even if he is removed as counsel of record.

As a final note, Judge Navarro gave Defendant Hernandez six months to satisfy the judgment, ordering him to "use this time frame to access his accounts and work to satisfy the above amounts." Docket No. 198 at 4. Judge Navarro also set a status conference for October 9, 2025, indicating that "[i]f Defendant Hernandez has not either satisfied the judgment or otherwise had the judgment discharged, the Court shall reconsider holding him in civil contempt for violation of this Order." *Id.* To ensure there is absolutely no confusion, the Court today is making no finding of any kind as to whether Defendant Hernandez has complied with any orders issued by Judge Navarro and is not in any way expressing an opinion as to whether Defendant Hernandez will be held in contempt by Judge Navarro.

IT IS SO ORDERED.

Dated: September 16, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

4