UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Munjed Al Muderis, et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>Fred Hernandez, et al.,<br><br>            Defendant(s). | Case No. 2:22-cv-00876-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 208, 211, 221, 233] |

Pending before the Court is an order to show cause why the Court should not reconsider the earlier order granting the motion to compel as unopposed. Docket No. 221. Both sides have filed a response. Docket Nos. 225, 232. Plaintiffs have also filed a motion for leave to file what is effectively a reply. Docket No. 233. The motion for leave to file the reply is **GRANTED**. For the reasons discussed below, the Court withdraws its earlier order granting the motion to compel as unopposed. Docket No. 206.

District courts possess broad discretion to reconsider their non-final orders. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Circumstances that warrant reconsideration include the emergence of new evidence and manifest injustice. *See, e.g.*, Local Rule 59-1(a).

On July 3, 2025, the Court granted the motion to compel as unopposed. Docket No. 206. Unbeknownst to the Court at that time, counsel had apparently agreed off-the-record to an extension for Defendant Hernandez to respond to the motion to compel though July 3, 2025. *See* Docket No. 209 at 10, 18-19; *see also* Docket No. 210 at 2 ("Mr. Warner did grant an extension through July 3, 2025"). Hence, the motion to compel was granted as unopposed before the time that Hernandez's counsel apparently thought a response was due. Moreover, it appears that Defendant Hernandez intended to oppose the motion, but was unable to do so based on the missteps of his counsel. More specifically, it appears that Hernandez wanted to file a response to the motion

to compel, but Hernandez did not want his attorney, Corey Beck, to file that response on his behalf. *See* Docket No. 209 at 17 (email from July 7, 2025, indicating that "I am working on withdrawing, will you agree to give Freddie time to respond to your motion to compel. [sic] He does not want me to act as his attorney."). Although he claimed to be "working on a motion to withdraw" as early as June 26, 2025, *id.* at 16, Attorney Beck did not file a motion to withdraw as counsel while the motion to compel was pending. Instead, Attorney Beck secured an off-the-record agreement with opposing counsel to extend the response deadline, *see id.*, without ever filing a stipulation informing the Court as to that agreement or seeking judicial approval of it. Hence, the motion to compel was simply granted as unopposed. Docket No. 206. Attorney Beck then filed his motion to withdraw as counsel a week after the motion to compel was granted. *See* Docket No. 209. In short, it certainly appears during the relevant period that Hernandez wanted to respond to the motion to compel, but that the missteps of Attorney Beck resulted in the motion being granted as unopposed. Making matters worse, Attorney Beck then did not respond to the pending motion for order to show cause, *see* Docket No. 211; *see also* Docket No. 214, at which time he could have provided insight as an officer of the court on the above issues to protect his client's interests.

The Court is sensitive to the arguments presented by Plaintiffs, including a history of non-compliance in this case. The Court is not persuaded by Plaintiffs' contentions that reconsideration is not warranted, though. For example, Plaintiffs contend that Hernandez waived his discovery objections so there is no point in withdrawing the order granting the motion to compel. *See* Docket No. 225 at 6-7. Waiver is not always a foregone conclusion for failing to timely respond to discovery, *see, e.g.*, *Liguori v. Hansen*, 2012 WL 760747, at *11-12 (D. Nev. Mar. 6, 2012), and that issue can be more directly addressed by briefing specific to that issue.[1] Moreover, the Court notes that Plaintiffs are currently seeking initiation of contempt proceedings with respect to this discovery, Docket No. 211, the purpose of which is to coerce compliance, *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Hernandez now has new counsel. Docket

---

[1] Plaintiffs also contend that Hernandez lacks a persuasive argument even if his objections are not deemed waived, Docket No. 225 at 7-8, but that again would be an issue better addressed to briefing specific to that issue.

Nos. 223, 226. Both Hernandez and his new counsel represent that Hernandez is "willing to respond and to produce" discovery materials. *See* Docket No. 232 at 5, 10. The Court will give them the benefit of the doubt for today's purposes that they do in fact intend to right the ship.

Given all of the pertinent considerations, the Court exercises its discretion to withdraw the order granting the motion to compel as unopposed. Docket No. 206. The Clerk's Office is **INSTRUCTED** to reactivate the motion to compel. Docket No. 204. Hernandez must respond to that motion to compel by October 30, 2025, and Plaintiffs may file a reply in the ordinary course, *see* Local Rule 7-2(b). In light of this ruling, the Court **DENIES** as moot the motion for fees and the motion for order to show cause. Docket Nos. 208, 211. The Court **GRANTS** the motion for leave to file the reply. Docket No. 233.

<u>While the Court errs on the side of caution herein, Hernandez is warned that he must comply with all judicial orders moving forward</u>.

IT IS SO ORDERED.

Dated: October 15, 2025

_____
Nancy J. Koppe
United States Magistrate Judge