**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Munjed al Muderis, et al.,

    Plaintiff,

v.

Fred Hernandez, et al.,

    Defendant.

Case No. 2:22-cv-00876-GMN-NJK

**ORDER**

[Docket No. 246]

On December 19, 2025, the Court ordered Defendant and Judgment Debtor Fred Hernandez to pay $6,075 in attorneys' fees by March 19, 2026. Docket 241. Hernandez did not comply with that order. Instead, on March 18, 2026, Hernandez filed a motion for reconsideration claiming that his indigency prevents his compliance. Docket No. 246.[1] Plaintiffs responded with evidence that Hernandez's motion is a ruse contradicted by Hernandez's own self-created evidence on social media showing him traveling, frequenting bars, eating steaks at restaurants, and smoking Cuban cigars. *See* Docket No. 247; *see also* Docket No. 247-2. Hernandez filed a reply. Docket No. 248. The Court does not require a hearing. *See* Local Rule 78-1.

"Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). Such relief may be available when, *inter alia*, there is newly discovered evidence or the initial decision was manifestly unjust. *See, e.g.*, Local Rule 59-1(a). The party seeking reconsideration bears the burden of establishing appropriate grounds for that relief. *See Daniels Family 2001 Revocable Tr. v. Las Vegas Sands Corp.*, 709 F. Supp. 3d 1217, 1227 (D. Nev. 2024); *see also, e.g.*, *LHF Prods., Inc. v. Koehly*, 2017 WL 4767673, at *1 (D. Nev. Oct. 20,

---

[1] Hernandez is proceeding *pro se*, so the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

2017). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Hernandez does not establish circumstances warranting reconsideration. The predicate of the motion is that Hernandez

> is permanently disabled and his sole source off [sic] income is Social Security Disability Insurance benefits totaling $1,947 per month after deductions. Recent banking records show the defendants [sic] account had only $19.38 remaining at the end of the statement period. Because the defendants [sic] income barely covers basic living expenses, the defendant lacks the financial capacity to satisfy the fee award.

Docket No. 246 at 2 (internal citations omitted). To that end, Hernandez attests that he is "financially destitute" and that his monthly income "is used to pay basic living expenses." Docket No. 246-3 (declaration). The Court already addressed Hernandez's contentions of indigency and found them insufficient for him to avoid payment of these fees. Docket No. 241 at 2. Moreover and significantly, such attestations are contradicted by Hernandez's extensive travel, frequenting of bars and restaurants, and cigar-smoking. Docket No. 247-2.[2] The Court is not persuaded that the extraordinary relief of reconsideration is warranted.

Accordingly, the Court **DENIES** Hernandez's motion for reconsideration. Having resolved the underlying motion, the Court will address the requests made by Plaintiffs in their response. First, the Court declines to set a new deadline for Hernandez's compliance. *See* Docket No. 247 at 5. The mere filing of a motion does not obviate a litigant's requirement to comply with a court-ordered deadline. *See PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022)

---

[2] In reply, Hernandez argues that his attestations of indigency are sufficient and that Plaintiffs have not met their burden of showing he can pay the fees awarded. Docket No. 248 at 5. To be clear, it is Hernandez that bears the burden on a motion for reconsideration. *See, e.g.*, *Daniels Family*, 709 F. Supp. 3d at 1227. Hernandez also cites case law that impossibility can be a defense to contempt. *See* Docket No. 248 at 2. The Court does not currently have a contempt request pending, so this argument is misplaced in the current procedural posture and the Court need not make findings now as to impossibility. Moreover, the Court notes that asserting an impossibility defense to contempt is not successful based on conclusory representations; the contemnor bears the burden of producing evidence showing "categorically and in detail" why he is unable to comply. *Coleman v. Newsom*, 131 F.4th 948, 959-60 (9th Cir. 2025) (quoting *F.T.C. v. Affordable Media, LLC,* 179 F.3d 1228, 1241 (9th Cir.1999)). Hernandez does not explain how his conclusory assertions, supported by limited documentation, meets this demanding standard.

("It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay"); *see also, e.g.*, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964).  Hence, Hernandez is already in violation of the Court's order.  Plaintiffs also suggest that contempt proceedings may be warranted.  *See* Docket No. 247 at 5.  If Plaintiffs believe such contempt proceedings should be initiated and if Hernandez has not cured his violation by making the subject payment in the interim, then Plaintiffs must file a motion to hold Hernandez in contempt by April 29, 2026.

IT IS SO ORDERED.

Dated: April 7, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3