# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MUNJED AL MUDERIS, *et al.*,

                      Plaintiffs,

    vs.

FRED HERNANDEZ, *et al.*,

                    Defendants.

Case No.: 2:22-cv-00876-GMN-NJK

**ORDER**

Before the Court is Magistrate Judge Nancy J. Koppe's Order Granting Plaintiffs Munjed Al Muderis, an individual, dba Osseointegration Group of Australia and Osseointegration International Pty Ltd.'s Motion for Order to Show Cause and Certification of Facts, (ECF No. 254). Judge Koppe entered her order to aid this Court in determining whether to grant Plaintiffs' request to hold Defendant Fred Hernandez in contempt of court. For the reasons discussed below, the Court DENIES Plaintiffs' request to hold Hernandez in contempt of court.

## I.    <u>BACKGROUND</u>

The matter before the Court is the latest installment of Hernandez's failure to comply with court orders. Important to the current issue, on November 13, 2025, Judge Koppe granted as unopposed Plaintiffs' Motion to Compel Post-Judgment Discovery from Hernandez and for an award of reasonable expenses. (*See* Post-Judgment Discovery Order, ECF No. 235). The next month, Judge Koppe calculated those expenses to be $6,075 and ordered Hernandez to pay that amount by March 19, 2026. (*See* Attorney's Fee Order, ECF No. 241). Hernandez did not object to either of these Orders.

On March 18, 2026, Hernandez filed a Motion for Relief, (ECF No. 246), from Judge Koppe's Order awarding attorney's fees.  Judge Koppe construed Hernandez's filing as a Motion for Reconsideration and found that the standards had not been met for such relief. (*See* Order Den. Reconsideration, ECF No. 249).  Judge Koppe also explained that Hernandez was in violation of her order awarding attorney's fees and that, if Hernandez did not cure that violation, Plaintiffs could initiate contempt proceedings if they believed such relief was warranted. (*Id.* 3:5–7).  Plaintiffs then filed a Motion for Order to Show Cause, (ECF No. 250), requesting that Hernandez appear before the Court and show cause why he should not be held in contempt.

In granting Plaintiffs' Motion for Order to Show Cause, Judge Koppe certified the following facts to this Court: (1) Judge Koppe issued a clear and definite order requiring Fred Hernandez to pay $6,075 in attorney's fees by March 19, 2026; (2) Fred Hernandez did not tender that payment of attorney's fees by that deadline and has not done so thereafter; and (3) although Fred Hernandez claims impossibility based on lack of funds, he has failed to substantiate the alleged inability to comply with a detailed explanation and sufficient evidentiary support. (Order Certifying Facts 6:1–8, ECF No. 254).  Based on these facts, Judge Koppe ordered Fred Hernandez to appear before this Court, to show cause why he should not be held in contempt.

## II.    LEGAL STANDARD

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).  "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence

that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted). "There is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal citation and quotation marks omitted).

"The paradigmatic coercive civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance.'" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (citation omitted). "Imprisonment for a fixed term similarly is coercive when the contemnor is given the option of earlier release if he complies." *Id*. (citing *Shillitani*, 384 U.S. at 370 n.6). In such circumstances, a civil contemnor can be said to "[carry] the keys of his prison in his own pocket," and is able to purge the contempt in order to obtain his release by committing the very affirmative act which the contemnor had been ordered to effectuate in the first place. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005).

There are two circumstances that can transform an order incarcerating for contempt into a punitive sanction. "First, if the contemnor cannot purge the contempt (i.e. impossibility) and second, if there is no reasonable possibility that the contemnor will ever comply." *In re Kenny G. Enters., LLC*, No. 8:11-BK-24750-TA, 2019 WL 508774, at *1 (Bankr. C.D. Cal. Feb. 7, 2019) (citing *United States v. Lippitt*, 180 F.3d 873, 877–78 (7th Cir. 1999)). An incarceration becomes punitive when it loses the ability to secure compliance. *Maggio v. Zeitz*, 333 U.S. 56, 74 (1948). There is no specific period after which a contempt sanction transforms from coercive to punitive,

but a court has a continuing duty to determine whether its contempt order still has a "reasonable chance" to coerce compliance. *Lippitt*, 180 F.3d at 879.

### III.   <u>**DISCUSSION**</u>

Plaintiffs move the Court to sanction Hernandez for failing to comply with Judge Koppe's Order awarding attorney's fees. (*See generally* Mot. Order to Show Cause ("OSC"), ECF No. 250).  Plaintiffs specifically ask the Court to incarcerate Hernandez until he fully complies with the Order. (*Id.*).  It is undisputed that Hernandez is in violation of Judge Koppe's Order awarding attorney's fees.  Judge Koppe not only certified that Hernandez is in violation of her order, but Hernandez himself admits that Judge Koppe entered such Order and admits that he has not satisfied it. (OSC Resp. 1:24–27, ECF No. 251).  Plaintiffs therefore meet their initial burden of showing by clear and convincing evidence that Hernandez violated a specific and definite order of the court. *See Affordable Media,* 179 F.3d at 1239.

The burden now shifts to Hernandez to demonstrate why he is unable to comply with Judge Koppe's Order.  Hernandez argues that, because of his indigency, it is impossible for him to comply with Judge Koppe's Order to pay the $6,075 attorney fee award. (*See generally* OSC Resp.).  Indeed, a party is excused from complying with a court order if compliance is impossible. *Affordable Media,* 179 F.3d at 1239.  But the Court need not make a finding regarding impossibility, because the more relevant inquiry here is whether Hernandez would even comply with a contempt order based on his history of failing to purge the previous contempt order issued by this Court.  If there is no reasonable possibility that Hernandez would ever comply, then an order incarcerating him for contempt would be a punitive sanction. *See Maggio*, 333 U.S. at 74.

In November 2023, the Court held Hernandez in civil contempt for violating a court order and remanded him to custody. *Al Muderis v. Hernandez*, No. 2:22-CV-00876-GMN-NJK, 2025 WL 1358581, at *2 (D. Nev. Apr. 2, 2025).  In the 16 months Hernandez was

incarcerated, he did not satisfy his $200,000 contempt order. *Id.* The Court eventually ordered his release, reasoning that Hernandez's incarceration had become punitive because the incarceration "los[t] the ability to secure compliance." *Id.* (citing *Armstrong v. Guccione*, 470 F.3d 89, 111 (2d Cir. 2006)). It is clear that neither the threat of contempt sanctions nor the imposition of contempt sanctions, even in the form of incarceration, motivate Hernandez to comply with court orders. Based on Hernandez's long history of noncompliance in this case, the Court finds that there is no reasonable possibility that Hernandez would comply with a contempt order should the Court enter one, therefore rendering any such order punitive. *In re Kenny G. Enters., LLC*, 2019 WL 508774, at *1. The Court therefore DENIES Plaintiffs' request to hold Hernandez in contempt of Court.[1]

**IV.    CONCLUSION**

   **IT IS HEREBY ORDERED** that the Court **DENIES** Plaintiffs' request to hold Hernandez in contempt of Court.

   **IT IS FURTHER ORDERED** that the Show Cause Hearing scheduled for May 12, 2026, at 3:30 p.m. is **VACATED**.

   Although not required by Federal Rule of Civil Procedure 58, the Court nonetheless kindly directs the Clerk of Court to enter judgment in favor of Plaintiffs for $6,075 in attorney's fees accrued during post-judgment discovery.

   **DATED** this ___8___ day of May, 2026.

_____
   Gloria M. Navarro, District Judge
   UNITED STATES DISTRICT COURT

---

[1] Although the Court declines Plaintiffs' request to hold Hernandez in contempt of Court, the Court would consider a Motion for Writ of Execution if filed by Plaintiffs. Any such motion and proposed writ of execution must comport with Federal Rule of Civil Procedure 69(a) and applicable Nevada law, including Chapter 21 of the Nevada Revised Statutes.